IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LESTER J. SALAZAR,

      Plaintiff,

v.                                     CIV 14-0515 CLH/KBM

MICHAEL FLAVIN, BCSO;
C. McCUTCHEON, BCSO;
J. DYKES BCSO and
DAN HOUSTON, B.C. SHERIFF,

      Defendants.

## ORDER ON MOTIONS TO COMPEL

      THIS MATTER comes before the Court on: (1) Defendants' First Motion to Compel Discovery (*Doc. 28*), filed September 14, 2014; (2) Defendant Flavin's Second Motion to Compel Discovery (*Doc. 64*), filed November 6, 2014; and (3) Plaintiff's Motion to Compel Defendants to Answer all Interrogatories and Discovery Sent to Them (*Doc. 67*), filed December 12, 2014.  Having reviewed the parties' submissions and the relevant law, the Court finds that the Defendants' motions to compel should be granted in part and that Plaintiff's motion to compel should be denied.

      Pursuant to Rule 37(a), a party may apply for an Order from the Court compelling disclosures or responses to discovery requests.  Fed. R. Civ. P. 37(a)(3).  An evasive or incomplete disclosure or answer is treated as a failure to disclose or answer and may warrant an Order to Compel.  Fed. R. Civ. P. 37(a)(4).

### A.  Defendants' Motions to Compel

In their First Motion to Compel, Defendants ask the Court to order Plaintiff to provide them with Initial Disclosures that are compliant with the relevant rules. Plaintiff did not respond in opposition to Defendants' motion, and this failure constitutes consent to grant the motion.  D.N.M.LR-Civ. 7.1(b).  While Plaintiff provided Defendants with what he asserted were his Initial Disclosures via e-mail on or about September 10, 2014, Defendants insist that these disclosures do not comply with Federal Rule of Civil Procedure 26 or this District's Local Rule 26.3. *Doc. 28* at 1.  Defendants explain that they provided Plaintiff a copy of Local Rule 26.3 as well as the required HIPAA-compliant releases for Plaintiff's execution. *Id.*  While Plaintiff signed a medical release for records from UNM Hospital from the date of the incident (i.e. August 10, 2012) to the present, Plaintiff did not provide such a release for the five years preceding the incident at issue in this litigation continuing through the present (i.e. August 10, 2007 to present).  *See id., Ex. A.*  Additionally, according to Defendants, Plaintiff also failed to provide a list of healthcare providers or to provide medical releases for any healthcare providers other than UNM Hospital.  *Id.* at 2.

Local Rule 26.3 requires that in any case in which the physical or mental medical condition of a party is at issue, the party must:

> list the name, address and phone number of any healthcare provider, including without limitation, any physicians, dentists, chiropractors, mental health counselors, clinics and hospitals which have treated the party within the last five (5) years preceding the date of the occurrence set forth in the pleadings and continuing through the current date.

D.N.M.LR-Civ. 26.3(d)(1).  The same local rule also requires such a party to provide "a signed authorization to release medical records form" for each healthcare provider.  D.N.M.LR-Civ. 26.3(d)(2).  There can be no question that Plaintiff has placed his physical condition at issue through the allegations in his Complaint.  Indeed, Plaintiff alleges "extreme" physical injuries from the excessive force used by Defendants, including head trauma, abrasions and lacerations, a broken left hand with continuing paralysis, and a broken rib. *Doc. 1* at 7.  Accordingly, Plaintiff must provide to Defendants a list of healthcare providers who have treated him from August 10, 2007 to the present. Additionally, he must provide executed medical releases for these healthcare providers.

Defendants also contend that Plaintiff has failed to provide a calculation of his alleged damages as part of his Initial Disclosures.  *Doc. 28* at 2.  Federal Rule of Civil Procedure 26(a)(1) requires that a party provide within 14 days of the parties' meet and confer under Rule 26(f) a computation of any category of damages claimed.  Fed. R. Civ. P. 26(a)(1)(A)(iii) & (a)(1)(C).  Moreover, the party must also "make available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which each computation is based."  Fed. R. Civ. P. 26(a)(1)(A)(iii).  Accordingly, Plaintiff must provide Defendants a computation of any category of damages that he claims and make available for inspection and copying any materials on which such computation is based.

In their Second Motion to Compel, Defendant Flavin seeks answers to various discovery requests made to Plaintiff on September 11, 2014. *Doc. 64.* Having reviewed Plaintiff's responses to the interrogatories identified by Defendant, the Court finds that Plaintiff did not object to the requests and utterly failed to provide complete answers to most of the referenced interrogatories. In many cases, Plaintiff merely referred Defendant generally to unidentified documents he had purportedly produced. Defendant represents, however, that the produced documents, in most cases, do not respond in any manner to the interrogatories.

Under Rule 33(d), a party may produce his own business records in lieu of answering an interrogatory when the burden of extracting the requested information would be substantially equal for either party. Fed. R. Civ. P. 33(d). Plaintiff has not established that the records to which he alludes his own business records or that the burden on him to extract the requested information would be the same as it would be for Defendant. Nor has Plaintiff specified the records in sufficient detail to enable Defendant to readily identify them. See Fed. R. Civ. P. 33(d)(1).

In fact, Plaintiff has not filed any response to Defendant's Second Motion to Compel, and the time for doing so has long passed. Once again, this failure to respond in opposition constitutes consent to grant the motion. D.N.M.LR-Civ. 7.1(b). As a result, the Court will order Plaintiff to provide more complete answers to the interrogatories identified by Defendant without referencing medical records or other documents in doing so.

Therefore, within 14 days of the entry of this Order,

● As to Interrogatory 1, Plaintiff must provide the name, address, and telephone number of all individuals who reside with him, his current marital status, and his date and place of birth.

● As to Interrogatory 9, Plaintiff must provide the form, type, purpose, and a summary of communications with each individual listed as well as the dates such communications occurred.

● As to Interrogatory 11, Plaintiff must provide the names and addresses of healthcare providers who treated him for injuries he claims he sustained as a result of his encounter with law enforcement on August 10, 2012, as well as the purpose of the treatment rendered and any diagnosis or prognosis.

● As to Interrogatory 12, Plaintiff must provide a list of all medical expenses, along with the dates incurred and provider of services, which he claims he incurred as a result of the acts alleged in his Complaint.

● As to Interrogatory 13, Plaintiff must describe any mental or physical abnormalities that he has suffered from August 10, 2007 to the present.

● As to Interrogatory 14, Plaintiff must provide the nature and date of any complaints or allegations that he has made, orally or in writing, regarding other law enforcement officers or detention officers, identifying to whom they were made.

● As to Interrogatory 15, Plaintiff must state whether he has been a party to any other lawsuit or administrative action as described in that interrogatory.  If he has been so involved, he must provide the additional information sought in concerning such lawsuit or action.

● As to Interrogatory 16, Plaintiff must answer whether he has been arrested, charged with, or convicted of any crime or traffic violation or had a warrant issued for his arrest.  If he has been arrested, charged, convicted, or subject to an arrest warrant, he must also provide the specific information requested by Defendants in Interrogatory 16.

● As to Interrogatory 17, Plaintiff must state the total dollar amount of damages claimed and how damages were computed and identified.

● As to Interrogatory 18, Plaintiff must list every physical altercation in which he can recall being involved during the past ten years.  If he can recall any such altercations, he must also provide the additional information requested as to each altercation.

● As to Interrogatory 19, the Court is not in a position to determine whether Plaintiff's response is, as Defendant alleges, "disingenuous and not worthy of credence."  In any event, Plaintiff is reminded that his answers are made under oath, see Fed. R. Civ. P. 33(b)(3), and he is ordered to fully respond to Interrogatory 19.

● As to Interrogatory 20, Plaintiff is ordered to list any contact he has had with law enforcement over the past seven years, including the date, location, nature, and result of the contact.

Defendant also alleges that certain of Plaintiff's responses to his Requests for Production are deficient.  As noted, Plaintiff has not responded to these allegations of deficiency, and such failure constitutes consent to grant Defendant's motion in this respect.  *See* D.N.M.LR-Civ. 7.1(b).  In response to Requests for Production 2, 4, 7, 9-11, and 14, respectively, Plaintiff is ordered to produce medical records from physicians who treated him for injuries sustained in the incident described in his Complaint, witness statements pertaining to any allegations in this case, documents demonstrating his damages, documents provided to his expert(s), documents to be used as exhibits at trial, documents related to allegations in his Complaint, and documents related to other claims made by Plaintiff.

Defendants have requested that they be awarded costs and fees in conjunction with both motions to compel.  The Court declines to impose them upon Plaintiff at this time, assuming compliance with this Order.  However, failure to comply with this Order and to supplement discovery responses as directed

herein may lead to the imposition of costs and fees for the subject motions to compel as well as additional sanctions, up to and including the ultimate sanction of dismissal of this case with prejudice.

### B.  Plaintiff's Motion to Compel

In Plaintiff's own motion, he urges the Court to order Defendants to answer all interrogatories and discovery propounded on them by Plaintiff. *Doc. 67.*  According to Plaintiff, Defendants "claim some kind of immunity but they do not state what they are protected under."  *Id.* at 1.  In response, Defendants assert, first, that Plaintiff's Motion to Compel is untimely, as it was filed twenty-nine days after Plaintiff received the discovery responses served by Defendants on November 10, 2014.

Local Rule 26.6 provides that a party served with discovery responses must proceed under Local Rule 37.1 within twenty-one (21) days of service of an objection to a discovery request.  D.N.M.LR-Civ. 26.6.  The Rule goes on to provide that failure to proceed within the twenty-one-day time period "constitutes acceptance of the objection."  *Id.*  Notably, although a Court liberally construes a *pro se* litigant's pleadings, *pro se* litigants are nevertheless expected to follow the rules of procedure, including the local rules.  *Beams v. Norton*, 335 F. Supp. 2d 1135 (D. Kan. 2004) (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)). This Court so advised Plaintiff, who informed the Court that he is a trained paralegal, at the Initial Scheduling Conference on September 3, 2014.  Plaintiff's motion could be denied on the basis of its untimeliness alone.  *See, e.g., Mays v. Court Services, Inc.*, 09cv0662 WJ/KBM (D.N.M. Jan. 31, 2011).

Additionally, Local Rule 37.1 requires that a party seeking relief pursuant to Federal Rules of Civil Procedure 26(c) or 37(a) attach to the motion a copy of the subject discovery and the response or objection thereto.  D.N.M.LR-Civ. 37.1. Because Plaintiff did not comply with this requirement, the Court cannot review Defendants' discovery responses and objections or consider any potential deficiencies therein.  Consequently, the Court must deny Plaintiff's motion to compel.

Wherefore,

**IT IS HEREBY ORDERED** that Defendants' First Motion to Compel (*Doc. 28*) and Second Motion to Compel (*Doc. 64*) are **granted in part**, and Plaintiff's Motion to Compel (*Doc. 67*) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff must, within fourteen (14) days of entry of this Order, supplement his responses to Interrogatories 1, 9, and 11-20 and to Requests for Production 2, 4, 7, 9-11, and 14 in conformance with the directives set forth in this Order.

_____

UNITED STATES CHIEF MAGISTRATE JUDGE