# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LESTER J. SALAZAR,

       Plaintiff,

    -vs-                                No. Civ. 14-0515 LH/KBM

MICHAEL FLAVIN, BCSO; C McCUTCHEON,
BCSO; J. DYKES, BCSO; and DAN HOUSTON
B.C. SHERIFF,

        Defendants.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Reply to Defdnadants [sic] Michael Flavin, BCSO: C. McCutcheon, BCSO; J. Dykes BSCO [sic] and Dan Houston B.C. Sheriff, Answer and Affirmative Defenses to Plaintiff's Civil Righs [sic] Complaint Pursuant to 42 U.S.C. § 1983 (ECF No. 9) ("Reply to Answer"), filed July 18, 2014; Plaintiff's Motion to Stike [sic] Defdnandants [sic] Michael Flavin, BCSO: C. McCutcheon, BCSO; J. Dykes BSCO [sic] and Dan Houston B.C. Sheriff, Affirmative Defenses to Plaintiff's Civil Righs [sic] Complaint Pursuant to 42 U.S.C. § 1983 (ECF No. 10) ("Motion to Strike Defendants' Affirmative Defenses"), filed July 18, 2014; and Defendants' Motion to Dismiss Plaintiff's Complaint Against the Sheriff and for Qualified Immunity (ECF No. 17) ("Sheriff's Motion to Dismiss"), filed August 7, 2014.  The Court, having reviewed Plaintiff's Reply to Answer, the Motions and their accompanying memoranda, and the applicable law, and otherwise being fully advised, finds that the Reply to Defendants' Answer is inappropriate under the Federal Rules of

Civil Procedure and will be stricken; Plaintiff's Motion to Strike Defendants' Affirmative Defenses is not well taken and will be denied, and Defendants' Motion to Dismiss Plaintiff's Complaint Against the Sheriff and for Qualified Immunity is well taken and will be granted.

Plaintiff Lester J. Salazar, pro se, filed his Civil Rights complaint pursuant to 42 U.S.A. [sic] §1983 (ECF No. 1) ("Complaint") on May 30, 2014.  In the Complaint, Mr. Salazar alleges that while he was jogging at 3:00 a.m. on August 10, 2012, Bernalillo County Deputy Sheriff Michael Flavin ("Deputy Flavin") yelled, "Stop," and then, without identifying himself, tackled Plaintiff, knocking him completely off his feet and face down into a rock and gravel landscaped yard.  Compl. 3.  Deputy Flavin straddled Plaintiff, cut his left wrist while putting a handcuff on it, and broke the wrist and hand, causing severe nerve, tendon, and metacarpal damage.  *Id.*  Deputy Flavin then slammed his knee into Plaintiff's right side, breaking his rib, and punched him in the head five times, causing permanent damage to his right ear.  *Id.*  Bernalillo County Sheriff Deputies C. McCutcheon and J. Dykes ("Deputy McCutchen" and "Deputy Dykes") assisted Deputy Flavin with the excessive force and cover up.  *Id.* at 3-4.  Specifically, Plaintiff alleges that Deputy McCutcheon held him down, allowing Deputy Flavin to assault him with blows to the head, rendering him unconscious.  *Id.* at 5.  Additionally, Deputy Dykes, having

arrived on he scene at approximately 3:08 a.m., took pictures, did nothing to aid Plaintiff, and assisted by covering up Deputy Flavin's use of excessive force.[1]  *Id.* at 6.

Mr. Salazar further alleges that on September 15, 2012, he filed a complaint with the Sheriff Department's Internal Affairs Division, but nothing was done to resolve it.  *Id.* at 4, 7. He asserts that Sheriff Dan Houston was responsible for training and overseeing the Defendant Deputies, but did not respond to his complaint or act to help resolve the excessive force complaint.  *Id.*

Plaintiff brings four causes of action:  Count I – use of excessive force "constitut[ing] an unreasonable seizure" in violation of the Fourth and Fourteenth Amendments to the United States Constitution, against Deputy Flavin, *id.* at 4; Counts II and III – "unlawful deprivation of . . . liberty without due process of law and excessive force" in violation of the Fourth and Fourteenth Amendments "to the United States Constitution due process and the New Mexico Constitution due process rights," against Deputies McCutcheon and Dykes, respectively, *id.* at 5-6; and Count IV – "unlawful deprivation of . . . liberty without due process of law" in violation of the Fourteenth Amendment "to the United States Constitution due process and the New Mexico due process rights," against Sheriff Houston, *id.* at 6.

The Court first addresses, *sua sponte*, Plaintiff's Reply to Answer.  Although Plaintiff's pro se pleadings must be liberally interpreted by the Court, *see Haines v. Kerner*, 404 U.S. 519,

---

1   Plaintiff appears to have mistakenly named Deputy McCutcheon in the "Supporting Facts" section under his third Count, which he also incorrectly numbered as Count II.  The Court assumes that Count III and its supporting facts pertain to Deputy Dykes.

520 (1972), he "nevertheless must follow the same rules of procedure that govern other litigants," *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987)).  Additionally, the Court should not "assume the role of advocate for the pro se litigant."  *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

Rule 7 of the Federal Rules of Civil Procedure provides in pertinent part:

(a) Pleadings. *Only these pleadings are allowed*:
   (1) a complaint;
   (2) an answer to a complaint;
   (3) an answer to a counterclaim designated as a counterclaim;
   (4) an answer to a crossclaim;
   (5) a third-party complaint;
   (6) an answer to a third-party complaint; and
   (7) *if the court orders one, a reply to an answer*.

Fed. R. Civ. P. 7(a) (emphasis added).  Plaintiff's Reply to Answer is a pleading specifically disallowed by Rule 7, unless permitted by the Court, which it was not.  As it is an excess and unnecessary pleading,[2] it will be stricken from the record.

Plaintiff moves to strike Defendants' affirmative defenses.  The Federal Rules of Civil Procedure require that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense."  Fed. R. Civ. P. 8(c)(1).  Rule 8 also provides that such defenses be stated "in short and plain terms."  *Id.* 8(b)(1)(A).  The purpose underlying the

---

2   To the extent Plaintiff intended that this pleading deny the affirmative defenses set forth in Defendants' Answer, he is directed to Rule 8: "If a responsive pleading is not required, an allegation is considered denied or avoided."  Fed. R. Civ. P. 8(b)(6).

pleading of affirmative defenses, then, is to provide the plaintiff with fair notice.  *Wells v. Hi Country Auto Grp.*, 982 F. Supp. 2d 1261, 1263-64 (D.N.M. 2013) (citing *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1257 (D. Kan. 2011)).

While Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," Fed. R. Civ. P. 12(f), motions to strike "are viewed with disfavor by the federal courts and are infrequently granted," 5C Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1380 (3d ed. 2011) (footnotes omitted); *see also* 2 James Wm. Moore et al, *Moore's Federal Practice* § 12.37[1] (3d ed. 2014) ("Courts disfavor the motion to strike, because it 'proposes a drastic remedy.'").  "'An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstance.'"  *Purzel Video GmbH v. Smoak*, 11 F. Supp. 3d 1020, 1030 (D. Colo. 2014) (quoting *Unger v. U.S. West, Inc.*, 889 F. Supp. 419, 422 (D. Colo. 1995)).  Thus, in granting a motion to strike, "'[t]he Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed.'"  *Friends of Santa Fe Cnty. v. LAC Minerals, Inc.*, 892 F. Supp. 1333, 1343 (D.N.M. 1995) (quoting *Carter–Wallace, Inc. v. Riverton Lab.*, 47 F.R.D. 366, 368 (S.D.N.Y.1969)).

Defendants have pleaded the following affirmative defenses:  1) "[a]ll actions of the County Defendant [sic] were done in good faith and without malice, were justified, legitimate, objectively reasonable, lawful and necessary under the circumstances, were supported by reasonable suspicion, probable cause, and/or exigent circumstances, and were not taken with any

deliberate indifference to Plaintiff's rights, nor do they shock the conscience," 2) "Plaintiff's claims are barred, in whole or in part, by Plaintiff's conduct," 3) "Plaintiff's claims for punitive damages are barred by law," 4) "[t]he Complaint fails to state a claim upon which relief can be granted," 5) "[t]he County Defendants are entitled to qualified immunity and/or absolute immunity," 6) "[t]he County Defendants' conduct was not the proximate cause of any injuries claimed by Plaintiff," 7) "[t]he actions of the County Defendants did not constitute a pattern of unconstitutional acts which would subject them to liability," 8) "Plaintiff's damages, if any, are barred or reduced to the extent Plaintiff has failed to mitigate his damages," 9) "[t]he County Defendants' alleged actions in this matter do not rise to the level of any Constitutional or statutory deprivation," 10) "[t]he proximate cause of Plaintiff's alleged injuries and damages, if any, were the acts or omissions of persons or parties other than the County Defendants," and 11) "[t]he County Defendants reserve the right to rely upon such other defenses as may become known or available during discovery proceedings in this case and hereby reserve the right to amend their answer to include such defenses."  Answer (ECF No. 6) at 4-5.

      Mr. Salazar maintains that the affirmative defenses must be stricken because Defendants provide only a general statement of each, do not state with specificity the elements constituting the defenses, and offer no factual evidence or case law to support them.  He additionally contends with regard to the Fourth Affirmative Defense that he has asserted "spec filly [sic] eighth amendment and fourteenth amendment legal facts, legal theories, substantial fact [sic] and specific act [sic]" and can establish the use of excessive force in violation of his rights as a

"pretrial detainee," Mot. Strike Defs.' Affirm. Defs. 2-3, a status he argues with regard to each of

the remaining affirmative defenses, numbers five through eleven,[3] *id.* at 4-5.

Plaintiff's Motion to Strike must be denied.   Defendants have stated their affirmative

defenses in "short and plain terms" that provide sufficient notice to Plaintiff.[4]   Additionally, there

clearly are questions of fact at issue; Defendants relate a much different version of the events

underlying this case than those asserted by Plaintiff[5] and Plaintiff's attack on their credibility in

---

3    As is evident from the facts alleged by Plaintiff in his Complaint, he was not a pretrial detainee at the time of
his encounter with the deputies in this matter.   Thus, his claims of excessive force and unlawful seizure are brought,
and must be analyzed, under Fourth Amendment law, not the Eighth Amendment, and his argument in this regard as
to the fourth through eleventh affirmative defenses will be disregarded.
4    To the extent that Plaintiff's argument may be based on application of a heightened pleading standard, the Court
finds persuasive those opinions holding that *Iqbal/Twombly* does not apply to affirmative defenses. *See, e.g., Wells*,
982 F. Supp.2d at 1264 (Johnson, J.) (while the Tenth Circuit has not yet ruled on this issue, this and other courts in
this circuit, hold that *Iqbal/Twombly* pleading standard does not apply to affirmative defenses; motion to strike will
be decided based on the standard set forth in Fed. R. Civ. P. 8(b)(1)(A), which requires that defenses be articulated
"in short and plain terms") (citing *EEOC v. Lockheed Martin*, Civil No. 09–952 WJ/RHS, *2-4 (D.N.M. May 20,
2010); *Falley*, 787 F. Supp.2d at 1258-59; *Lane v. Page*, 272 F.R.D. 581, 596 (D.N.M. 2011) (Browning, J.)).   The
application of the *Iqbal/Twombly* standard to a Rule 12(b)(6) motion to dismiss is discussed below at pages 8-9.
5    Defendants allege the following "Background" in their Response:

        On August 10, 2012, at approximately 3:00 a.m., Defendant Flavin was patrolling in a
        residential area in Albuquerque when he observed the Plaintiff quickly crouch and hide behind a
        red Ford Mustang that was parked in a driveway.   Defendant Flavin illuminated the area with the
        spotlight on his vehicle and could still observe the silhouette of the Plaintiff hiding behind the
        vehicle.   Defendant Flavin approached the Plaintiff and instructed him to come out from behind
        the vehicle.   However, the Plaintiff refused and remained behind the vehicle.   As Defendant
        approached the vehicle, the Plaintiff stood up and attempted to flee.   As the Plaintiff stood up and
        began to run, Defendant Flavin noticed that he was not wearing any clothing, thus exposing his
        primary genitalia to public view.   The Plaintiff also had a string of some sort wrapped around his
        waist.   Defendant Flavin chased the Plaintiff and was able grab him by the arm.   The Plaintiff
        resisted and tried to pull away from Defendant Flavin and was taken to the ground.   The Plaintiff
        was placed in a face down position and Defendant Flavin was able to place a handcuff on his left
        hand and place it behind his back.   Defendant Flavin gave him multiple commands to give him his
        other hand but Plaintiff continued to resist.   During Defendant Flavin's attempt to gain control of
        his hand, the Plaintiff grabbed Defendant Flavin's genitals with his left hand in a rude insolent and
        angry manner.   The Plaintiff also grabbed Defendant Flavin's right thumb and twisted it in a rude
        insolent and angry manner causing Defendant Flavin pain.   Defendant McCutcheon arrived and
        assisted Defendant Flavin handcuff the Plaintiff's left hand.   The Plaintiff was arrested for

7

no way resolves these factual issues.  *See* Defs.' Resp. (ECF No. 11) at 1-2; Pl.'s Reply (ECF No. 13) at 1-2.  To warrant striking a defense, its insufficiency must be "clearly apparent" and "no factual issues exist that should be determined in a hearing on the merits."  *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649 (D. Kan. 2009) (citing *Resolution Trust Corp. v. Thomas*, No. 92–2084–GTV, 1995 WL 261641, at *1 (D. Kan. Apr. 25, 1995)); *see also* 5C Miller & Kane, *supra*, § 1381.  In sum, Plaintiff has not demonstrated that the affirmative defenses cannot succeed under any circumstances and the Court will not strike any of them at this time.

Sheriff Houston moves for dismissal of Plaintiff's Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), and on grounds of qualified immunity.  In ruling on a motion to dismiss, the Court must accept the factual allegations of the complaint as true.  *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 573 (2007)); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  The Supreme Court's prescribed inquiry when reviewing a motion to dismiss is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570).  To survive a dismissal, a plaintiff must "nudge his claims across the line from conceivable to plausible."  *Id.* (quoting *Twombly*, 550 U.S. at 570) (alterations

---

aggravated indecent exposure, battery on a peace officer, and resisting evading and obstructing. These charges are still pending.

Def.s' Resp. at 1-2.

omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). Although a court must assume the veracity of well-pleaded factual allegations, such deference is "inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).  In the context of a defendant's claim of qualified immunity, then, a plaintiff must allege facts sufficient to show, again assuming they are true, that the defendant plausibly violated the his constitutional rights, and that those rights were clearly established at the time. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008).  This requires enough allegations to give the defendant notice of the theory under which plaintiff's claim is made. *Id.*

While observing that Plaintiff's Complaint does not appear to bring an official capacity claim, Sheriff Houston first argues that if such a claim is found, it must fail because any alleged conduct in violation of Plaintiff's constitutional rights was "obviously not the result of a policy"; rather, the conduct could only be viewed as "'gross deviations from such policy.'"  Sheriff's Mot. Dismiss 5 (quoting *Lujan ex rel Lujan v. Cnty. of Bernalillo*, 354 F. App'x 322, 326 (10th Cir. 2009)).  Defendant also contends that any claims against him in his individual capacity must be dismissed, asserting that he was not personally involved in the alleged constitutional violations, but also, as a supervisor, that he was not responsible for any policy that caused the alleged harm to Plaintiff.  He additionally posits that failure to act upon an internal affairs

complaint does not implicate any protected property or liberty interest, under either the United States or the New Mexico Constitutions.

With regard to qualified immunity, Sheriff Houston submits that he did not commit any constitutional violation, but if any violation is found, it was not clearly established, and, in any case, that he acted in an objectively reasonable manner in choosing which internal affairs investigations to pursue.  Finally, he asserts that Plaintiff cannot bring any claim under the New Mexico Constitution because there has been no waiver of immunity under the New Mexico Tort Claims Act ("NMTCA").

Plaintiff's Responce [sic] and Objection to Defendands' [sic] Motion . . . (ECF No. 43) ("Plaintiff's Response") was filed more than one month after Defendants filed their Motion to Dismiss and twelve days after Defendants filed their Notice of Completion (ECF No. 30), in apparent violation of the Local Civil Rules of the United States District Court for the District of New Mexico.  *See* D.N.M.LR-Civ. 7.4(a) ("A response must be served and filed within fourteen (14) calendar days after service of the motion.").  Although Defendants certified that they mailed a copy of the Motion to Plaintiff and he apparently received a copy of the Notice of Completion that they mailed to him, *see* Plaintiff's Response [sic] and Objection to Defdnant [sic] Dan Houston's Notice of Completion of Briefing (ECF No. 31), Plaintiff maintains that he did not receive the Motion.  Magistrate Judge Molzen denied as moot Plaintiff's Motion to Compel [sic] Defendant Dan Houston to Send Plaintiff, his Houston's Motion to Dismiss . . . (ECF No. 38), as Plaintiff subsequently had filed his Response to the Sheriff's Motion to Dismiss.  *See* Order

10

(ECF No. 65).   There being no further objection by Defendants, the Court will consider

Plaintiff's Response.[6]

Throughout his Response, Plaintiff continues to argue, erroneously, that he was a pretrial

detainee and that his Eighth Amendment rights were violated by Sheriff Houston and his

officers.   *See, supra* n.3.   He also maintains that he "did state [Sheriff Houston] acted in his

official capacity," Pl.'s Resp. 2, but later asserts that he "is not bringing any claim against the

County but rather Dan Houston in his *individual capacity*," *id.* at 6 (emphasis added).   He

frequently complains of the "unnecessary and wonton infliction of pain," "excessive force[ ] and

wrongful 'punishments,'" and cites cases for the proposition that it was "clearly established 'that

putting substantial pressure on a suspect's back with that suspect in a face down prone position

after being subdued and/or incapacitate [sic] constitutes excessive force.'"   *See, e.g., id.* at 5, 6,

8, 9.   While he declares several times that he was "detained" by Sheriff Houston, *id.* at 5, 11, his

most frequent assertion regarding the Sheriff is that he was "responsible for the training and

direct control [or supervision] of his officers," including citing often to the language in his

Complaint that Defendant "is responsible for training and overseeing these officers/Deputies,"

*id.* at 3, 5-10, 12.   Mr. Salazar also states that he "has asked for policies of the Bernalillo County

Sheriff's [sic] Department when it applies to excessive force."   *Id.* at 7.

---

6   The Court notes, however, that Plaintiff again has claimed not to have received a Motion filed by Defendants
and certified by them to have been mailed to him, but he apparently again did receive the Defendants' Notice of
Completion, *see* ECF Nos. 74-76.  Plaintiff is admonished that he must follow the same rules of procedure that
govern other litigants, including the Local Rules and the Federal Rules of Civil Procedure.

The Court will grant Sheriff Houston's Motion.  First, as to any possible official capacity claims, such suits "are simply 'another way of pleading an action against an entity of which an officer is an agent.'"  *McDonald v. Wise*, 769 F.3d 1202, 1215 (10th Cir. 2014) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)).  "[A] local government may be held liable for its employees' constitutional violations only when those employees are 'execut[ing the] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'"  *Lujan*, 354 F. App'x at 326 (quoting *Monell*, 436 U.S. at 694) (first alteration added).  Plaintiff clearly has not stated a claim against Sheriff Houston in his official capacity.  Indeed, his only allegations regarding the Sheriff are that he "is responsible for training and overseeing these officers/Deputies, and . . .  has not responded to Plaintiff's complaint [with the internal affairs division] or acted to help resolve this excessive force complaint."  Compl. 4, 6.

The Court also agrees with Sheriff Houston that failure to respond to an internal affairs complaint does not rise to the level of a constitutional violation, under either federal or state law.  *See, e.g., Davis v. Scherer*, 468 U.S. 183, 194 & n.12 (1984) ("Officials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision.").  Additionally, as previously discussed, Mr. Salazar alleges no facts or claims in his Complaint concerning his being a pretrial detainee and there are no allegations that Sheriff Houston "detained" him, except the conclusory statement in Plaintiff's Response.  Indeed, there are no allegations to suggest that Sheriff Houston had any personal involvement in the incident giving rise to Plaintiff's claims.  *See Lemmons v. Clymer*, ___ F.

12

App'x ___, 2015 WL 1518072, *5 (10th Cir. Apr. 6, 2015) (citing *Brown v. Montoya*, 662 F3d 1152, 1163 (10th Cir. 2011) ("Personal liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (internal quotation marks omitted)).

Additionally, to the extent Plaintiff claims the Sheriff is liable for failing to supervise or train the other defendants in this matter, he fails to state a claim. The Tenth Circuit "has long held that a 'supervisory relationship alone is insufficient for liability under § 1983.'" *Martinez v. Milyard*, 440 F. App'x, 637, 638 (10th Cir. 2011) (quoting *Poolaw v. Marcantel*, 565 F.3d 721, 732 (10th Cir. 2009)); *Brown*, 662 F. 3d at 1163 ("Section § 1983 does not authorize liability under a theory of respondeat superior.") (citing *Monell*, 436 U.S. at 691)). To establish liability

> based on a defendant's supervisory role, the plaintiff must show an 'affirmative link between the supervisor and the constitutional violation,' by demonstrating (1) the supervisor's personal involvement, (2) causation, and (3) a culpable state of mind." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir.2013) (internal quotation marks omitted)). Where the only alleged involvement of a supervisor is based on inadequate training, a defendant must show "essentially a complete failure to train, or training that is so reckless or grossly negligent that future misconduct is almost inevitable." *Currier v. Doran*, 242 F.3d 905, 925 (10th Cir.2001) (internal quotation marks omitted).

*Lemmons*, 2015 WL 1518072, *5.

Plaintiff's failure to allege facts sufficient to establish a violation of a constitutional right also entitles Sheriff Houston to qualified immunity: "[G]overnment officials are not subject to damages liability for the performance of their discretionary functions when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Brown*, 662 F.3d at 1164 (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993) (quotation omitted)). The Court employs a two-part test in resolving a motion to

dismiss based on qualified immunity: "whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and whether the right at issue was clearly established at the time of defendant's alleged misconduct."  *Id.* (quoting *Leverington v. City of Colo. Springs*, 643 F.3d 719, 732 (10th Cir. 2011) (quotations and ellipses omitted)).  Plaintiff clearly has failed to meet either prong of the qualified immunity test.


WHEREFORE,

**IT IS HEREBY ORDERED** that Plaintiff's Reply to Answer (ECF No. 9) is **STRICKEN.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendants' Affirmative Defenses (ECF No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint Against the Sheriff and for Qualified Immunity (ECF No. 17) is **GRANTED.**

**SENIOR UNITED STATES DISTRICT JUDGE**