IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LESTER J. SALAZAR,

       Plaintiff,

v.                                         CIV 14-0515 LH/KBM

MICHAEL FLAVIN, BCSO;
C McCUTCHEON, BCSO;
and J DYKES, BCSO,

       Defendants.

## __PROPOSED FINDINGS AND RECOMMENDED DISPOSITION__

THIS MATTER is before the Court on Defendants' Motion to

Dismiss and for Sanctions for Discovery Abuse *(Doc. 74)*, filed on April 13,

2015. Presiding Senior District Judge Hansen referred this motion to me to

conduct hearings, if warranted, including evidentiary hearings, and to

perform any legal analysis required to recommend to the Court an ultimate

disposition of the motion. *Doc. 78*. The Court has reviewed the motion and

the response in opposition filed by Plaintiff on May 8, 2015 *(Doc. 76)*.

Defendants evidently opted not to file a reply brief because the time for

doing so under our local rules has passed. Although no Notice of

Completion was filed, Judge Hansen rejected Plaintiff Salazar's similar assertion that another motion to dismiss was not fully briefed and instead found it ready for ruling. *Doc. 77* at 10-11. I adopt his rationale and hereby determine that the motion for sanctions is likewise ready for a decision.

As an initial matter, Plaintiff Salazar contends that "he has been treated with bias and prejudice by this magistrate and will not get a fair and impartial outcome." *Doc. 76* at 2. As to this conclusory assertion, he provides no information in support of it other than my ruling denying his motion to compel. *Id.*; *see Doc. 71* at 7-8 (Order of February 3, 2015). As the Tenth Circuit has noted, "adverse rulings cannot in themselves form the appropriate grounds for disqualification." *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir.1992). Plaintiff's mere belief that I cannot be fair lacks any factual predicate for me to abstain from ruling or recuse from this case. "There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is. A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (citations omitted).

In their motion, Defendants have outlined Plaintiff's violations of his discovery obligations under both the rules of procedure and orders of this Court. They maintain that sanctions are justified because

> Defendants have been unable to evaluate the Plaintiff's claim or prepare a defense thereto. The Defendants cannot meet any of the deadlines imposed by this Court due to the Plaintiff's willful violations of this Court's Orders. The Plaintiff's failure to comply with this Court's Orders is completely the fault of the Plaintiff and his intentional refusal to provide the information needed by the Defendants and ordered by this Court. The Court warned the Plaintiff of the possible sanctions at the September 3, 2014, hearing, yet no compliance from the Plaintiff was forthcoming. There is no other sanction that will secure the Plaintiff's compliance in this matter. The Plaintiff's abusive practices have caused unfair prejudice to Defendants and interference in the judicial process. The culpability of Plaintiff warrants the dismissal of his claims.

*Doc. 74* at 3-4. Plaintiff counters that he has "answered everything that was on the magistrates (sic) order" and attaches his February 17, 2015 "SUPLAMENT (sic) ANSWERS" to Defendants' first set of discovery requests "as ordered by the magestrate (sic)." *Doc. 76*.

Yet nowhere in his response does Plaintiff Salazar dispute that he failed to comply with my directive that he "provide to Defendants a list of healthcare providers who have treated him from August 10, 2007 to the present . . . . [and] provide executed medical releases for these healthcare providers." *Doc. 71* at 3 (Order of February 3, 2015). Similarly, although he

seeks damages of $1,800,000.00, Plaintiff does not dispute that he failed to provide Defendants with a calculation of how he arrived at this figure as is required by Rule 26(a)(1)(A)(iii) in a party's initial disclosures and also mandated by my Order of February 3, 2015. *Id.* at 3-4. Thus, the Court finds that Plaintiff has failed on more than one occasion to meet his discovery obligations and to comply with its Orders.

The Court therefore will follow the fact-specific analysis set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992) to determine the appropriate sanction for these violations. The *Ehrenhaus* factors to be considered include: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would likely be taken as a sanction for non-compliance; and, (5) the efficacy of lesser sanctions. *Id.* at 921.

Defendants assert that Plaintiff's failure to provide in the list of healthcare providers for the five years prior to the filing of the lawsuit has significantly hindered their ability to defend this lawsuit. In the absence of a plaintiff providing this information, a defendant is left to guess how to obtain that medical evidence which is clearly relevant to the appropriateness of the hefty request for damages in the Complaint. *See Doc. 1* at 8. Moreover,

4

in the absence of an executed HIPAA-compliant medical release, Defendants cannot obtain such information even from a medical provider should one be uncovered. When a party thwarts the ability of the opposing party to receive clearly discoverable information, prejudice obviously flows.

Here, Plaintiff Salazar first failed to provide the initial disclosures as mandated by the Federal Rules of Civil Procedure. At the initial Rule 16 scheduling conference held on September 3, 2014, the pro se plaintiff represented that he is a licensed paralegal and understands rules of procedure. I nevertheless reminded him of his obligation to fully familiarize himself with those rules of procedure which govern in federal courts and the local rules of this District. I further explained that because he has put his physical and mental medical conditions at issue in this case, he must comply with Local Rule 26.3(d) and provide the required medical information and releases. At that conference, I specifically ordered Plaintiff to provide "his Initial Disclosures, including HIPAA-compliant medical release, to Defendants by 9/10/14." *See* Clerk's Minutes *(Doc. 22)*.

When, in response, Plaintiff Salazar provided only the name and a release for the medical provider who had treated him for the injuries arising from the incident that forms the basis for this lawsuit, I granted Defendants' motion to compel. *See Doc.71* (Order of February 3, 2015). Once again, I

5

ordered that "Plaintiff must provide to Defendants a list of healthcare

providers who have treated him from August 10, 2007 to the present.

Additionally, he must provide executed medical releases for these

healthcare providers." *Id.* at 3. I further advised that

> Defendants have requested that they be awarded costs
> and fees in conjunction with both motions to compel. The
> Court declines to impose them upon Plaintiff at this time,
> assuming compliance with this Order. However, failure to
> comply with this Order and to supplement discovery
> responses as directed herein may lead to the imposition of
> costs and fees for the subject motions to compel as well as
> additional sanctions, up to and including the ultimate
> sanction of dismissal of this case with prejudice.

*Id.* at 6-7. Thus, Plaintiff Salazar was sufficiently warned that his case was

in jeopardy if he failed yet again to comply with that order.

As to the culpability inquiry, Plaintiff asserts in his May 8, 2015

response in opposition to this motion that he "has been very ill" and was in

the hospital from December 7-15, 2014. He also states that he was to go to

surgery in the month of June. Yet on June 9, 2015, Salazar filed his own

motion to compel *(Doc. 79)* seeking to reopen the discovery period so that

he can now take depositions. He again vaguely referred to alleged "medical

complications" and his "weakened condition" as justification for the

extension. Plaintiff also asked for sanctions against Defendants because

they "have been uncooperative." *Id.*

6

As Defendants note in their response to that motion, Plaintiff provides
no explanation why he could not have filed a motion to compel depositions
or to extend the discovery deadline before the December 23, 2014 close of
discovery or the January 2, 2015 deadline for filing discovery motions.[1]
Thus, even assuming that Plaintiff's health formed some sort of barrier to
timely filing of his own discovery motions, it provides no explanation for him
failing to comply with my orders to provide the discovery noted above by
September 10, 2014, or shortly after my February 3, 2015 order.

In sum, Plaintiff's flagrant disregard of his discovery obligations and
the rules and orders of this Court has significantly prejudiced Defendants'
ability to mount a defense and bring this case to a timely resolution. The
Court has been required to address numerous motions to compel, yet
Plaintiff has made no substantial compliance with those rulings. Plaintiff
has significantly interfered with the judicial process and has been warned
that sanctions, including dismissal, could be imposed if he continued to
disregard his obligations.

Having addressed the first four factors, I am left with the fifth: the
efficacy of lesser sanctions than dismissal. I have previously warned that
attorney fees would be imposed if Plaintiff failed to follow my second order

---

[1] In fact, Plaintiff's motion to compel depositions does not identify **_any_** efforts he made to
arrange and conduct depositions during the discovery period or how Defendants interfered with
his ability to do so.

7

to provide the healthcare information and releases. Quite evidently that threatened monetary sanction had no impact on Plaintiff Salazar, and I see no reason to believe that the actual imposition of even greater monetary sanctions would promote compliance.

Moreover, Plaintiff Salazar had three opportunities to meet his discovery obligations – in his required initial disclosures without any court order and following my Orders of August 3, 2014, and of February 3, 2015.

> [T]he district court's considerable discretion in this arena easily embraces the right to dismiss or enter default judgment in a case under Rule 37(b) when a litigant has disobeyed two orders compelling production of the same discovery materials in its possession, custody, or control. Plaintiffs in this case were given no fewer than three chances to make good their discovery obligation: first in response to Max's document requests, then in response to the October 2009 order, and finally in response to the January 2010 order. Plaintiffs failed at all three turns. And three strikes are more than enough to allow the district court to call a litigant out.

*Lee v. Max Intern., LLC*, 638 F.3d 1318, 1320-21 (10th Cir. 2011).

Wherefore,

IT IS HEREBY RECOMMENDED that, having performed the *Ehrenhaus* analysis, the presiding judge grant Defendants' Motion to Dismiss and for Sanctions for Discovery Abuse *(Doc. 74)*, and dismiss this case with prejudice.

8

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE